UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09MC48-RJC-DSC

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO STEVEN WILLIAM WALLACE </br></br>– in – </br></br>HANSEN BEVERAGE COMPANY </br></br>Plaintiff, </br></br>v. </br></br>INNOVATION VENTURES, LLC d/b/a LIVING ESSENTIALS </br></br>Defendant, </br></br>Pending in the United States District Court for the Southern District of California, Civil Action No. 08CV1166 | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Motion of Non-Party Steve Wallace to Quash Subpoena [including brief] ..." (document #1) filed March 31, 2009; and "Hansen Beverage Company's Opposition ..." (document #3) filed April 17, 2009. On April 28, 2009, Steve Wallace filed his "Reply ..." (document #4).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject motion is now ripe for determination.

Having carefully reviewed the pleadings, record, arguments of counsel, and applicable authority, the Court will grant the "Motion of Non-Party Steve Wallace to Quash Subpoena ..." (document #1), as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns a non-party subpoena filed in an underlying false advertising and trade libel action brought in the Southern District of California by Hansen Beverage Company ("Hansen") against Innovation Ventures, LLC d/b/a Living Essentials ("Living Essentials").

Relative to the subject Motion to Quash, Hansen markets a line of energy drinks under the name Monster Energy. Living Essentials markets a liquid dietary supplement called 5-HOUR ENERGY. Hansen asserts that Living Essentials is liable for false advertising and trade libel as a result of the advertising appearing on Living Essentials' products and in the media. Hansen alleges that Living Essentials' advertising is false because the 5 HOUR ENERGY product cannot provide energy. Hansen asserts that energy can only come from calories, and that 5 HOUR ENERGY is too low in calories. Hansen seeks damages for lost sales and an injunction. Living Essentials denies that its advertising is false or misleading or that it has committed trade libel.

Early in the case, Hansen moved for a preliminary injunction against Living Essentials based on Hansen's allegations made in its Complaint, which was fully briefed by the parties and heard by the District Court. The injunction was denied, the District Court finding that "plaintiff has not demonstrated a likelihood of success on the merits." In the Order denying the preliminary injunction, the Court identified the central issue in this case: whether from a scientific standpoint, Living Essentials' product name "5-HOUR ENERGY" and advertisements ("Hours of Energy Now" and "No Crash Later") are literally false.

The Movant, Steve Wallace, is a NASCAR racecar driver who appeared in two televised commercials promoting Living Essentials' 5-Hour Energy product. In these commercials, Wallace

2

stated, in essence, that he used the product, that he experienced increased energy and ability to focus, and that he did not have a "crash" (a sudden decrease in energy) after use of the product.

On February 23, 2009, Hansen issued a subpoena duces tecum upon Wallace, directing him to appear for deposition on April 6, 2009 and to produce "all documents" and "all communications" between himself and Living Essentials and/or "any other party," as well as "all documents related to any tests performed ... with respect to" 5 HOUR ENERGY.

On March 31, 2009, Wallace filed the subject Motion to Quash, contending among other things that he does not have knowledge of the relevant facts and issues in this case, a position that is supported by the fact that in its Rule 16 disclosures, Hansen did not identify Wallace as a witness with discoverable evidence. Similarly, Living Essentials propounded a written interrogatory to Hansen asking for identification of all statements in its advertising that Hansen contends are false and misleading. Although Hansen provided a thirteen-page response to that Interrogatory, identifying in detail each statement in each commercial that it deems false or misleading, Hansen did not identify Wallace's commercials or any other statements made by him. Finally, Wallace contends, and Hansen has not disputed, that many if not all of the documents and other information that Hansen seeks from him are discoverable from Living Essentials. Hansen has not yet sought production from Living Essentials.

Wallace's Motion has been briefed as discussed above and is, therefore, ripe for determination.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

3

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Generally, the resolution of discovery disputes, that is, whether to grant or deny a motion to compel or, in this case, whether to enforce or quash a party's subpoena duces tecum, is left within the District Court's broad discretion. See, e.g., Nicholas v. Wyndham Intern., Inc., 373 F.3d 537, 542 (4th Cir. 2004) (District Court's denial of party's motion to enforce non-party subpoena duces tecum reviewed for abuse of discretion and affirmed where moving party had access to same information through discovery from opposing party); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Although there is no Fourth Circuit authority directly on point, in a case where non-parties sought to quash a subpoena duces tecum that otherwise would have required them to invest considerable time and resources in producing documents, the Ninth Circuit Court of Appeals affirmed the district court's decision to quash, holding that the proponent party's "need for these documents was not sufficient to outweigh the burden and invasion of ... privacy which would have

resulted to [the non-parties], especially since they were not parties to the suit." Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 299 (9th Cir. 1975) (noting that the subpoena was "sweeping in nature, covering every paper touching on any relationship between" the non-parties and the opposing party, and "[c]ompliance would have required extensive sifting and analysis" by the non-party).

Applying these legal principles, Hansen is not, at this point in the proceedings, entitled to depose Wallace or compel document production from him. Hansen has not fully exhausted its attempts to obtain production from Living Essentials and has not identified Wallace in its Initial Disclosures or responses to Living Essentials' written discovery as a potential witness in the underlying litigation. Accord Nicholas, 373 F.3d at 542 (District Court's denial of party's motion to enforce non-party subpoena duces tecum affirmed where moving party had access to same information through discovery from opposing party); and Premium Service Corp., 511 F.2d at 299 (affirming quashing of subpoena where non-party would have incurred great expense responding).

The undersigned will, therefore, grant Wallace's Motion to Quash, but without prejudice to Hansen's right to serve an amended subpoena under the following conditions: (1) that prior to serving an amended subpoena on Wallace, Hansen must fully exhaust its efforts to obtain the subject discovery from Living Essentials; (2) that the amended subpoena must allow Wallace not less than 30 days to respond; and (3) that the amended subpoena shall be limited to information not already provided by Living Essentials and relating to whether from a scientific standpoint, Living Essentials' product name "5-HOUR ENERGY" and advertisements ("Hours of Energy Now" and "No Crash Later") are literally false.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The "Motion of Non-Party Steve Wallace to Quash Subpoena ..." (document #1) is **GRANTED**, and the subpoena duces tecum issued by Hansen Beverage Company on February 23, 2009 is **QUASHED WITHOUT PREJUDICE** to that party's right to serve an amended subpoena under the terms stated above.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed: May 4, 2009

David S. Cayer
United States Magistrate Judge